IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GINGER MARIE PHILLIPS, §
§
Movant, §
§
V. §     NO. 4:21-CV-726-P
§     (NO. 4:19-CR-307-P)
UNITED STATES OF AMERICA, §
§
Respondent. §

## OPINION AND ORDER

Came on for consideration the motion of Ginger Marie Phillips, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:19-CR-307-P, and applicable authorities, finds that the motion should be **DENIED**.

## I.      BACKGROUND

The record in the underlying criminal case reflects the following:

On October 17, 2019, movant was named in a two-count indictment charging her in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of gamma hydroxybutyric acid (GBH), in violation of 21 U.S.C. § 846. CR Doc.[1] 81. On November 18, 2019, she was named in a one-count superseding information charging her with conspiracy to possess with intent to distribute a mixture and

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-307-P.

substance containing a detectable amount of methamphetamine. CR Doc. 88. Movant and her attorney signed a waiver of indictment, CR Doc. 90, a factual resume, CR Doc. 91, and a plea agreement. CR Doc. 92. On December 11, 2019, movant entered a plea of guilty to the offense charged in the superseding information. CR Doc. 95.

The probation officer prepared the presentence report ("PSR"), which reflected that movant had been sentenced to a term of imprisonment of four years on an unrelated charge and released on parole. CR Doc. 101-1, ¶ 17. She received 3 criminal history points for that conviction. *Id.* ¶ 41. Rather than file objections to the PSR, movant filed a motion for downward variance, arguing that the state case was relevant conduct and that she should receive credit for the 18 months she had served. CR Doc. 103.

At sentencing, the Court took up the matter of how the state court case should be treated, noting that more was needed than what was in the PSR to show that the state court case involved the same criminal conduct. CR Doc. 114 at 7. Movant testified, at first lying to the Court about the people involved in the state offense, then admitting that the same group was not involved. *Id.* 7–8. Movant's counsel argued that she should get credit for the 18 months served, as well as time spent on parole and probation.[2] *Id.* at 9. The government argued that the state offense was not relevant conduct. *Id.* at 10–11. After a recess, the Court granted the motion for downward variance, stating that it was willing to give movant credit for the 18 months. *Id.* at 11. The Court then adopted the findings in the PSR and addendum to the PSR, stating that based on a total offense level of 29 and criminal history category of III, movant's guideline range was 108 to 135 months. *Id.* at 12–13. The Court noted that letters submitted in support of movant played a role in the determination

---

[2] Counsel did not argue that it was relevant conduct, because it obviously was not.

2

to grant her a variance. *Id.* at 13. Finally, after sentencing movant to a term of imprisonment of 90 months, the Court noted that consideration was given to time served "even though it was questionable that it was truly related to the instant offensive conduct." *Id.* at 24.

## II.   GROUNDS OF THE MOTION

Movant asserts two grounds in support of her motion. First, she says her attorney was ineffective in failing to object that her criminal history was improperly scored based on relevant conduct. Doc.[3] 1 at 7. Second, she says that her counsel was ineffective in failing to object to her not being given a reduction pursuant to U.S.S.G. 3B1.2. *Id.*

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

As much as movant wants to believe that the Court determined her state court conviction was relevant conduct, the record does not support this contention.[4] At most, it shows that the Court gave her credit for time served, taking into account letters written on her behalf and her efforts to better herself. And, to the extent there is any ambiguity, it is simply not enough to support a claim of ineffective assistance of counsel. Had counsel chosen to object to the PSR, the Court might well have determined that the objection was frivolous, and that movant should lose acceptance of responsibility. Instead, counsel filed the motion for a variance, citing *Gall v. United States*, 552 U.S. 38 (2007), for the proposition that the Court should vary downward to impose probation. CR Doc. 103. Due to his effective representation, movant got the benefit of 18-months' credit that she otherwise would not have gotten.

In support of her second ground, movant argues that counsel was ineffective in failing to argue that she was entitled to a minor role reduction. Movant would only be entitled to such a reduction, however, if she could demonstrate (1) the culpability of the average participant in the criminal activity, and (2) that she was substantially less culpable than that participant. *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). As the Fifth Circuit has noted, one could be a courier without being substantially less culpable than the mastermind. *Id.* at 612. Here, movant makes no attempt to establish the culpability of the average participant except to chart the sentences imposed on others who were prosecuted. Doc. 2-2. Of course, sentences are impacted by a number of different factors. Here, movant received a lower sentence because of the

---

[4] In fact, movant's own argument in support of her second ground undercuts the relevant conduct argument, as movant notes that she "had a single supplier for a limited amount of narcotics" in the conspiracy at issue. Doc. 2 at 10.

effectiveness of her attorney. She has not shown that she was entitled to a mitigating role adjustment, much less that her attorney was ineffective for failing to seek one.

## V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **2nd** day of **March, 2022.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

6